**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TRAVELERS CASUALTY AND SURETY                                        PLAINTIFF
COMPANY OF AMERICA, INC.

v.                                              No. 4:11CV00280 JLH

BANK OF THE OZARKS, as Trustee of the
Betty Jean Renaud Revocable Trust, Dated
Dec. 19, 1991, and as Trustee of the
Terence E. Renaud Revocable Trust Dated
Feb. 1, 1991, BRENT D. GEELS and
CAROLYN R. GEELS, Husband and Wife,
TERENCE E. RENAUD, individually, and the
RENAUD FAMILY LIMITED PARTNERSHIP                                    DEFENDANTS

### <u>OPINION AND ORDER</u>

Travelers Casualty and Surety Company of America, Inc., commenced this action in state court,[1] alleging that the defendants fraudulently transferred real property and personal property, in violation of Ark. Code Ann. § 4-59-204. The complaint also alleges counts for conversion and unjust enrichment. Travelers asks the Court to find that a constructive trust has arisen in its favor and to award an accounting and tracing of the defendants' assets from 2008 to the present. Terence E. Renaud has filed a motion to dismiss all of the claims against him for failure to state a claim upon which relief can be granted. Bank of the Ozarks, as trustee of the Betty Jean Renaud Revocable Trust and the Terence E. Renaud Revocable Trust; Carolyn Geels; and the Renaud Family Limited Partnership also filed a motion to dismiss the claims against them. For the following reasons, Terence E. Renaud's motion to dismiss is granted. The motion to dismiss of the other defendants is granted in part and denied in part.

---

[1] The defendants removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

## I.

Article III requires there to be a "case" or "controversy" before an action can be heard in a federal court.  One component of this requirement is that the plaintiff have standing.  At a minimum, it is necessary

> (1) that the plaintiff have suffered an "injury in fact"-an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of-the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bennett v. Spear*, 520 U.S. 154, 167, 117 S. Ct. 1154, 1163, 137 L. Ed. 2d 281 (1997).  Under Arkansas's Fraudulent Transfer Act, a "creditor" is a "person who has a claim."  Ark. Code Ann. § 4-59-201(4) (West 2011).  A "claim" is a "right to payment," whether or not the right is reduced to a judgment.  Ark. Code Ann. § 4-59-201(3); *see Smith v. Morris*, No. CA 89-223, 1990 WL 25213, at *1 (Ark. Ct. App. Mar. 7, 1990) ("It is immaterial whether that claim had been reduced to judgment or had matured.").  In this case, Travelers is a creditor of Brent Geels, who embezzled approximately $2 million from Twin City Bank, which was insured by Travelers.  Travelers paid $1,279,887.03 to Twin City Bank under the policy and took an assignment of Twin City Bank's rights against Brent Geels.  Thus, Travelers has standing to seek relief under Arkansas's Fraudulent Transfer Act.

## II.

Travelers first alleges that the defendants fraudulently transferred property in violation of Arkansas law.  In order to prove that a fraudulent transfer has occurred, a plaintiff must establish that the debtor made the transfer "[w]ith actual intent to hinder, delay, or defraud any creditor of the

debtor." Ark. Code Ann. § 4-59-204(a)(1).  In determining actual intent, consideration may be given

as to whether:

> (1) The transfer or obligation was to an insider;

> (2) The debtor retained possession or control of the property transferred after the transfer;

> (3) The transfer or obligation was disclosed or concealed;

> (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

> (5) The transfer was of substantially all the debtor's assets;

> (6) The debtor absconded;

> (7) The debtor removed or concealed assets;

> (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

> (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

> (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

> (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Ark. Code Ann. § 4-59-204(b).  "Proof of the existence of any one or more of the factors enumerated

in subsection (b) may be relevant evidence as to the debtor's actual intent but does not create a

presumption that the debtor has made a fraudulent transfer or incurred a fraudulent obligation." Ark.

Code Ann. § 4-59-204, cmt. 5.

"In alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind

may be alleged generally." Fed. R. Civ. P. 9(b); *see also In re Hollis and Co.*, 86 B.R. 152, 156 (Bankr. E.D. Ark. 1988) (applying Rule 9 in the context of a fraudulent transfer claim under Arkansas and federal law).  The Eighth Circuit has said that a party must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal citations and quotations omitted).  In other words, a plaintiff must ultimately plead the "who, what, where, when, and how" of the alleged fraud, because "conclusory allegations" will not suffice.  *Id.*  This is not a particularly heavy burden for a plaintiff, however.  The Appendix to the Federal Rules of Civil Procedure provides a form of a complaint to set aside a fraudulent conveyance.  Fed. R. Civ. P. Form 21.  The form, which is sufficient to satisfy the requirements of Rule 9, states: "On [date], defendant [name] conveyed all defendant's real and personal property to defendant [name] for the purpose of defrauding the plaintiff and hindering or delaying the collection of the [plaintiff's] debt." *Id.*; *see* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules . . . .").

## A.   REAL PROPERTY

Travelers first alleges that the defendants fraudulently transferred real property in violation of Arkansas Code Annotated section 4-59-204.[2]  Specifically, Travelers alleges that, when Carolyn and Brent Geels sold their property in Maumelle, Arkansas, Bank of the Ozarks, acting as trustee for the Betty Jean Renaud Revocable Trust, discharged the debt that Brent and Carolyn Geels owed to the trust under a mortgage and then, acting as trustee for the Terence E. Renaud Revocable Trust,

---

[2] Travelers does not bring a claim against the Renaud Family Limited Partnership for fraudulent conveyance of real property.  Document #20.

used the money from the sale of the Maumelle property to purchase real property in Little Rock, Arkansas, where Carolyn Geels currently lives.  Defendants Bank of the Ozarks, Carolyn Geels, and Terence Renaud argue that these allegations fail to state a claim against them.  They allege that Terence Renaud was not involved in the exchange of property and thus cannot be liable.  They also contend that Travelers has failed to allege that any of the three defendants had the requisite intent to defraud.

The defendants are correct that the complaint fails to state a claim against Terence Renaud for fraudulent transfer of real property.  Arkansas's Fraudulent Transfer Act does not provide for the liability of an individual or entity who was not a transferor or a transferee of the property in question. *See* Ark. Code Ann. §§ 4-59-201 to -213; *Thomsen Family Trust, 1990 v. Peterson Family Enters., Inc.*, 66 Ark. App. 294, 298, 989 S.W.2d 934, 936-37 (1999).  Arkansas Code sections 4-59-207 and -208 provide creditors with certain remedies against transferors and transferees.  "These statutes, however, make no provision for the recovery of a judgment against third parties . . . ." *Thomsen Family Trust*, 66 Ark. App. at 299,  989 S.W.2d at 937; s*ee also In re Brown*, 265 B.R. 167, 171 (Bankr. E.D. Ark. 2001) (noting that the Arkansas statute is patterned after the Uniform Fraudulent Transfer Act); Steven Shareff, Causes of Action to Set Aside or Recover for Fraudulent Transfer or Obligation under Uniform Fraudulent Transfer Act, 26 Causes of Action 773, § 17 (Sept. 2010) ("An action to set aside or recover for a fraudulent transfer or obligation under the Uniform Fraudulent Transfer Act will be brought by the defrauded creditor against the debtor and one or more transferees or obligees.").

The complaint alleges that Terence Renaud is the father of Carolyn Geels and the father-in-law of Brent Geels.  (Compl. ¶ 20.)  It also alleges that Bank of the Ozarks is the trustee of the

Terence E. Renaud Revocable Trust.  The complaint does not allege, however, that Terence Renaud is the settlor of that trust, nor does it contend that Terence Renaud authorized or instructed Bank of the Ozarks, as trustee, to purchase real property located at 52 Scenic Drive, Little Rock, Arkansas, on the trust's behalf.  At most, the complaint generally avers that Terence Renaud, as a named defendant, was somehow involved in the transaction.  (Compl. ¶ 24.)

Even if the Court could infer from the language of the complaint that Terence Renaud was the settlor of the Terence E. Renaud Revocable Trust, the complaint does not allege that Terence Renaud had the power to alter, amend, or in any way control the administration of the trust.  "[T]he settlor is not, with a few exceptions . . . in any legal relationship with the beneficiaries or the trustee, and has no rights, liabilities or powers with regard to the trust administration."  George Gleason Bogert, George Taylor Bogert, Amy Morris Hess, Bogert's Trusts and Trustees § 42 (2010).  "Thus, substantial authority holds that a trustee is liable for a tort committed in the administration of a trust," but the beneficiaries and owners are not.  76 Am. Jur. 2d *Trusts* § 366 (2011).  Even if Terence Renaud were the settlor of the Terence E. Renaud Revocable Trust, the facts in the complaint fail to state a claim against him upon which relief may be granted.

The complaint does state a claim against Bank of the Ozarks, as trustee for the Betty Jean Renaud Revocable Trust and the Terence E. Renaud Revocable Trust, and against Carolyn Geels for fraudulent transfer of real property.  Essentially, the complaint alleges that Carolyn Geels, Brent Geels, and Bank of the Ozarks, as trustee for the Betty Jean Renaud Revocable Trust, transferred their interests in the assets from the sale of the Maumelle property to the Terence E. Renaud Revocable Trust and that this transaction was made "with actual intent to hinder, delay, or defraud Travelers." (Compl. ¶ 24.)  Even if that information was not sufficient on its own to plead a fraud

claim, Travelers also points out that Bank of the Ozarks, as trustee of the Betty Jean Renaud Revocable Trust, released its lien on the Maumelle property and discharged the remaining portion of the debt owed by Carolyn and Brent Geels; that Bank of the Ozarks, as trustee of the Terence E. Renaud Revocable Trust, purchased the Little Rock property with the funds received from the sale of the Maumelle property; and that Bank of the Ozarks, as trustee of the Terence E. Renaud Revocable Trust, allows Carolyn Geels, an insider, to live at the Little Rock property rent-free. These allegations are sufficient to state a fraudulent transfer claim against Bank of the Ozarks and Carolyn Geels.

### B.   PERSONAL PROPERTY

Travelers next alleges that the defendants fraudulently transferred personal property in violation of Arkansas law.[3]  Specifically, Travelers contends that Brent and Carolyn Geels each had individual interests in the Renaud Family Limited Partnership.  In 2009, the Partnership purchased Brent Geels's interest in exchange for $75,460 in distribution funds, which were then transferred to another account controlled by one or more of the defendants "with the intent to hinder, delay, or defraud Travelers."  (Compl. ¶ 28.)

These allegations are insufficient to state a claim against Terence Renaud or Carolyn Geels. Although Travelers contends that the Renaud Family Limited Partnership fraudulently transferred the funds belonging to Brent Geels to an account "controlled by one or more of the Defendants," Travelers does not allege that Terence Renaud or Carolyn Geels controlled the account.  *See BJC Health Sys.*, 478 F.3d at 917 (the complaint must plead the "who, what, where, when and how" of

---

[3] Travelers does not bring a claim against Bank of the Ozarks, as trustee for the Betty Jean Renaud Revocable Trust and the Terence E. Renaud Revocable Trust, for fraudulent transfer of personal property.  Document #20.

the circumstances constituting the alleged fraud).  Nor does Travelers allege that Terence Renaud or Carolyn Geels were general partners in the Renaud Family Limited Partnership and thus personally liable for actions taken by the Partnership.  Under Arkansas law, "[a] limited partner is not personally liable, directly or indirectly, . . . for an obligation of the limited partnership solely by reason of being a limited partner, even if the limited partner participates in the management and control of the limited partnership."  Ark. Code Ann. § 4-47-303.  On the other hand, "all general partners are liable jointly and severally for all obligations of the limited partnership unless otherwise agreed by the claimant or provided by law."  Ark. Code Ann. § 4-47-404(a).  The complaint fails to allege that Terence Renaud had any ownership interest in the Partnership, limited or general.  While the complaint does aver that Carolyn Geels had an ownership interest in the Partnership, it does not say whether that interest was one of a general partner or limited partner.  Thus, the complaint does not allege facts sufficient to prove that Terence Renaud or Carolyn Geels fraudulently transferred personal property between the Renaud Family Limited Partnership and another account.

The complaint does state a claim against the Renaud Family Limited Partnership.  It alleges that the Partnership purchased Brent Geels's interest in the Partnership for $75,460 and then transferred those funds to another account controlled by one or more of the defendants with the intent to hinder, delay, or defraud Travelers.  These facts, if proven, may constitute a fraudulent transfer.

### III.

Travelers also alleges in its complaint that the defendants have committed the tort of conversion by willfully and intentionally exercising dominion and control over the real and personal property described above in a manner inconsistent with Travelers's rights.  Travelers alleges no facts regarding the conversion in addition to the allegations that two fraudulent transfers occurred.

8

Because Travelers does not allege any facts which, if proven, would show that Terence Renaud was involved in either transfer, or that Carolyn Geels was involved in the transfer of personal property, the conversion claims against Terence Renaud and the conversion of personal property claim against Carolyn Geels must be dismissed.

As to the remaining conversion claims, the defendants allege that Travelers has not plead sufficient facts to prove that it owned the real or personal property at issue and, thus, has failed to state claims upon which relief may be granted.  Arkansas law defines conversion as follows:

> Conversion is the exercise of dominion over property in violation of the rights of the *owner or person entitled to possession*.  Conversion can only result from conduct intended to affect the property.  The intent required is not conscious wrongdoing but rather intent to exercise dominion or control over the goods that is in fact inconsistent with the plaintiff's rights.

*City Nat'l Bank v. Goodwin*, 301 Ark. 182, 187, 783 S.W.2d 335, 338 (1990) (emphasis added). "Ordinarily, an immediate right to possession at the time of conversion is all that is required in the way of title or possession to enable the plaintiff to maintain an action." 18 Am. Jur. *Conversion* § 69 (2011).

In the complaint, Travelers alleges that it is a judgment creditor of Brent Geels.[4]  (Compl ¶ 30.)  Travelers does not allege, however, that it had obtained a writ of execution on Brent Geels's real or personal property or was otherwise entitled to possess the property at the time of the alleged

---

[4] The only judgment described in the complaint is a judgment and commitment order in a criminal case, *United States v. Brent D. Geels*, E.D. Ark. No. 4:08CR00429-01.  The restitution portion of the judgment and commitment order includes an order requiring Brent Geels to pay $1,259,225.94 to Travelers Insurance Company.  All of the issues raised in the motion to dismiss can be resolved without reaching the issue of whether Travelers Insurance Company is a judgment creditor of Brent Geels by virtue of the restitution order in the judgment and commitment order, so the Court will not address that issue.  Nor is it necessary to address the discrepancy between the identity of the payee in that order (Travelers Insurance Company) and the plaintiff in this action (Travelers Casualty and Surety Company of America, Inc.).

conversion. In order to take possession of property after receipt of a judgment, a creditor must obtain

a writ of execution.  2 David Newbern, John J. Watkins, & D.P. Marshall, Jr., Ark. Civil Practice

& Procedure § 33:1 (5th ed. 2011); s*ee* Ark. Code Ann. § 16-66-112 (explaining that a judgment

creditor does not have a lien on the personal property of the judgment debtor unless and until

execution is issued and writ delivered to the officer in the proper county to be executed); Ark. Code

Ann. § 16-66-201 (stating that all real and personal property "shall be liable to be seized and sold

under any execution upon judgment, order, or decree of a court of record"); 46 Am. Jur. 2d

*Judgments* § 346 (2011) ("A judgment lien does not amount to a transfer of title, and in the absence

of a seizure of the property, the judgment lien in itself does not destroy the seisin of the judgment

debtor.  Neither does the lien disturb the debtor's right to possess, and use, and to sell, convey, or

otherwise dispose of the property.").  Nowhere in the complaint does Travelers contend that it had

obtained a writ of execution over the real or personal property at issue.  Thus, Travelers has failed

to state a claim for conversion against any of the defendants.

## IV.

Count IV of the complaint alleges claims against the defendants for unjust enrichment.  "To

find unjust enrichment, a party must have received something of value, to which he or she is not

entitled and which he or she must restore." *Hatchell v. Wren*, 363 Ark. 107, 117, 211 S.W.3d 516,

522 (2005).  "There must also be some operative act, intent, or situation to make the enrichment

unjust and compensable.  One who is free from fault cannot be held to be unjustly enriched merely

because he or she has chosen to exercise a legal or contractual right."  *Id.* (internal quotations

omitted).

Here, the complaint alleges that all of the defendants have been unjustly enriched to the detriment of the plaintiff.  (Compl. ¶ 36.)  This allegation is premised on the notion that all of the defendants were involved in the alleged fraudulent transfers of real and personal property.  This Court has already determined that the complaint fails to state a fraudulent transfer or conversion claim against Terence Renaud; none of the facts indicate that he is connected to the transactions at issue in a manner that would subject him to liability.  For the same reason, the complaint fails to state an unjust enrichment claim against Mr. Renaud.  On the other hand, Travelers has alleged facts sufficient to state unjust enrichment claims against the remaining defendants.

In Count IV of the complaint, Travelers also requests that the Court find a constructive trust in its favor and order an accounting and tracing of the assets of all of the defendants.  These are pled as remedies rather than separate causes of action.  *See* 1 Am. Jur. 2d *Accounts and Accounting* § 52 (2011) ("An action for an accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action.").  The complaint may include relief in the alternative or different types of relief in the demand for relief.  Fed. R. Civ. P. 8(a)(3).  Thus, Travelers's demand for relief in the form of a constructive trust, accounting, and tracing will not be dismissed.

## CONCLUSION

For the reasons stated above, Terence E. Renaud's motion to dismiss is granted.  Document #6.  Travelers's claims against Terence E. Renaud are dismissed without prejudice.  The motion to dismiss filed by Bank of the Ozarks, as trustee of the Betty Jean Renaud Revocable Trust, Bank of the Ozarks, as trustee of the Terence E. Renaud Revocable Trust, the Renaud Family Limited Partnership, and Carolyn Geels is granted in part and denied in part.  Document #8.  Travelers's claims for conversation are dismissed without prejudice as to all defendants.  Travelers's fraudulent

11

conveyance of personal property claim against Carolyn Geels is dismissed without prejudice. Otherwise, the motion to dismiss is denied.

The motions to strike the defendants' reply to the plaintiff's response are denied as moot. Documents #31 and #33.[5]

IT IS SO ORDERED this 8th day of August, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT

---

[5] Travelers argues that the defendants present additional materials in their reply briefs which should not be considered by the Court unless Travelers also has an opportunity to present additional materials. Specifically, the defendants argue for the first time in their reply that Travelers is barred by federal restitution statutes from pursuing its claims. Even considering this new argument, the Court does not find that Travelers's claims must be dismissed.