**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TRAVELERS CASUALTY AND SURETY                                                                PLAINTIFF
COMPANY OF AMERICA, INC.

v.                                              NO. 4:11CV00280 JLH

BANK OF THE OZARKS, as Trustee of the
BETTY JEAN RENAUD REVOCABLE TRUST,
dated December 19, 1991, and as Trustee of the
TERENCE E. RENAUD REVOCABLE TRUST,
dated February 1, 1991; CAROLYN R. GEELS and
BRENT D. GEELS, Husband and Wife;
TERENCE E. RENAUD, Individually; and
RENAUD FAMILY LIMITED PARTNERSHIP                                                          DEFENDANTS

**OPINION AND ORDER**

Travelers Casualty and Surety Company of America, Inc., commenced this action in the Circuit Court of Pulaski County, Arkansas, seeking to set aside certain allegedly fraudulent conveyances pursuant to Ark. Code Ann. § 4-59-204, seeking damages for the tort of conversion, and asserting claims of unjust enrichment. The defendants removed the action to this Court based on diversity of citizenship. The Court granted Terence E. Renaud's motion to dismiss because it was not alleged that he was a party to any of the transactions that Travelers sought to set aside. The Court also dismissed Travelers' claims for conversion and unjust enrichment. Still later, the Court denied a motion for summary judgment filed by the Bank of the Ozarks as Trustee of the two trusts. After a bench trial, the Court ruled in favor of the defendants on all claims.

The defendants have now filed a joint motion for attorneys' fees, which they say are authorized by Ark. Code Ann. § 16-22-309. That statute permits a court to award a prevailing party an attorney's fee not to exceed $5,000 in any action in which there is a complete absence of a justiciable issue of either law or fact raised by the losing party. Ark. Code Ann. § 16-22-309(a)(1). In order to find that an action is completely lacking a justiciable issue of law or fact, the Court must

find that the action "was commenced, used, or continued in bad faith solely for the purposes of harassing or maliciously injuring another or delaying adjudication without just cause or that the party or the party's attorney knew, or should have known, that the action . . . was without reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law." Ark. Code Ann. § 16-22-309(b).

Here, there is no argument that the action was commenced, used, or continued for the purpose of harassment or malicious injury. Nor is there reason to conclude that Travelers or its lawyers knew that the action was without basis. The question is whether they should have known.

The situation with respect to Terence E. Renaud is different from the situation with respect to the two trusts. Terence E. Renaud was named as a defendant in the complaint even though he was not a party to any of the transactions. There was no factual or legal basis for asserting a claim against Terence E. Renaud, individually, and on that claim the Court has no problem in saying that Travelers and its lawyers should have known that they could not state a claim for fraudulent conveyance against an individual who was not a party to the allegedly fraudulent conveyances. Terence Renaud's motion for attorneys' fees will be granted.

As noted, the situation is different with respect to the two trusts. In denying summary judgment, the Court made reference to the complexity of the issues and the fact that intent was critical to some of the issues. The dispute related to property purchased for Brent and Carolyn Geels by her parents, Terence E. Renaud and his since deceased wife, Betty Jean Renaud. That property was later sold. Travelers contended that the proceeds of that sale were fraudulently conveyed. Title to that property was held by Brent and Carolyn Geels, but that title was subject to a mortgage, which, at the relevant time, was held by the Betty Jean Renaud Revocable Trust. A part of the issue was

2

whether that mortgage was a sham. There were a number of anomalies in the relevant transactions that created the question as to whether that mortgage was a sham. First, the defendants could not produce a promissory note that corresponded to the original mortgage. Second, the evidence established that the mortgage was twice increased above the fair market value of the property so that, in the end, the indebtedness exceeded the value of the property by more than $100,000. Third, while the mortgage called for monthly payments, payments actually were made on a quarterly basis and not always on time, even assuming payments were due quarterly. Fourth, when the property was sold, the funds were used to purchase a home to be occupied by Carolyn Geels. Carolyn Geels paid the earnest money and signed the contract for purchasing the new home, but title to the new home was then taken in the name of Terence E. Renaud Revocable Trust. Despite the mortgage held by the Betty J. Renaud Revocable Trust, the closing statement on the sale of the property by Brent and Carolyn Geels showed proceeds of the sale going to purchase Carolyn Geels' new home rather than going to satisfy the mortgage. The documents in the public domain did not show how the mortgage in favor of the Betty Jean Renaud Revocable Trust was satisfied, nor how it came to be that proceeds from that sale came to be used to purchase property with title taken by the Terence E. Renaud Revocable Trust. Although the testimony at trial established that the mortgage was not a sham, that finding depended on crediting the testimony of the persons involved, which the Court did. Nevertheless, the anomalies were such that the Court cannot say that Travelers or their lawyers should have known that there was no basis for the claims asserted.

The motion for attorneys' fees by Terence Renaud is granted in the amount of $5,000.00. The motion by the two trusts is denied.[1]  Document #106.

---

[1] The parties have not briefed the issue of whether a federal court sitting in a diversity case should apply Ark. Code Ann. § 16-22-309 rather than Rule 11 of the Federal Rules of Civil

IT IS SO ORDERED this 2nd day of April, 2012.

                                                    */s/ J. Leon Holmes*
                                                    J. LEON HOLMES
                                                    UNITED STATES DISTRICT JUDGE

---

Procedure.  *Compare First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002), *and Kelly v. Golden*, 352 F.3d 344 (8th Cir. 2003).  Because the parties have assumed that section 16-22-309 applies, the Court has done so as well.  *Cf. Hardwick Airmasters, Inc. v. Lennox Industries, Inc.*, 78 F.3d 1332 (8th Cir. 1996).